UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| JOHN P. MORROW, | ) | | |
| --- | --- | --- | --- |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 4:04-CR-29-TRM-SKL-2 |
| | ) | | 4:16-CV-80-TRM |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM OPINION**

Now before the Court now is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 272.] He bases his request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. [*Id.*] For the following reasons, Petitioner's § 2255 petition [Doc. 272] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.  BACKGROUND**

In 2005, Petitioner pled guilty to assaulting a mail carrier with a weapon, in violation of 18 U.S.C. §§ 2114(a) and 2(a) and (b) ("Count One"), brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2(a) and (b) ("Count Two"), stealing a postal money order machine, in violation of 18 U.S.C. §§ 500 and 2(a) and (b) ("Count Three"), and conspiring to commit offenses against the United States, in violation of 18 U.S.C. §§ 371 and 2(a) and (b) ("Count Four"). [Docs. 1, 22, 205, 272.] On October 6, 2005, Petitioner was sentenced to a total of 214 months' imprisonment—130 months' incarceration for

Count One, two concurrent 60-month terms for Counts Three and Four, and a consecutive 84-month term for Count Two, the § 924(c) offense. [Doc. 205.]

No appeal was taken, and the conviction became final on October 20, 2005, at the expiration of time to appeal. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining an unappealed judgment of conviction becomes final when the time for filing a direct appeal has elapsed); Fed. R. App. Proc. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . judgment."). More than ten and a half years later—on June 29, 2016—Petitioner filed the instant petition for relief seeking correction of his sentence in light of *Johnson*. [Doc. 272.]

## II. ANALYSIS

Petitioner's argument appears to be that *Johnson* invalidated the similarly-worded residual clause in § 924(c)(3)(B), thereby precluding his violation of 18 U.S.C. § 2114(a) from categorization as a "crime of violence" sufficient to support a conviction under § 924(c)(1)(A) [Doc. 34 (arguing he is entitled to vacatur of his § 924(c) conviction)]. The argument fails for two reasons.

First, binding Sixth Circuit precedent holds that, while *Johnson* invalidated the residual provision of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. 924(e), an identically worded clause in Section 4B1.2 of the United States Sentencing Guidelines, § 924(c)(3)(B)'s definition of crime of violence remains unaffected.[1] *See United States v. Pawlak*, No.15-3566, 2016 WL

---

[1] The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion,

2

2802723, at *8 (6th Cir. Mar. 13, 2016) (concluding "rationale of *Johnson* applies equally" to the Guidelines' definition of crime of violence); *United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016) (recognizing at least four "significant differences" between the residual clause in § 924(c)(3)(B) and the ACCA's residual clause and noting "the argument that *Johnson* effectively invalidated [the former] is . . . without merit"). As such, the conviction under 18 U.S.C. § 2114(a) remains capable of supporting his conviction under § 924(c)(1)(A).

Second, even if *Johnson*'s reasoning could be used to invalidate § 924(c)(3)(B)'s residual clause, Petitioner's conviction under 18 U.S.C. § 2114(a) would remain a crime of violence under the provision because the offense qualifies under the use-of-physical-force clause contained in § 924(c)(3)(A). An offense qualifies as a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Petitioner's conviction, which by definition involves the

---

involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. See U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

Section 924(c)(1)(A) makes it a crime for an individual, "in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, [to] use[,] carr[y] [or possess] a firearm . . . in furtherance of . . . such crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) goes on to define "crime of violence" as any "felony" that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (use-of-physical-force clause); or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" ("residual clause").

3

assault, robbery, or attempted robbery of a person having lawful charge, control, or custody of mail matter, money, or other property of the United States, 18 U.S.C. § 2114(a), categorically falls within the scope of that provision. *See, e.g.*, *In re Watt*, No. 16-14675, 2016 WL 3941083, at *1 (11th Cir. July 21, 2016) (explaining that a violation of 18 U.S.C. § 2114(a) would constitute a crime of violence under § 924(c)(3)(A)); *United States v. Enoch,* No. 15-cr-66, 2015 WL 6407763, at *3 (E.D. Ill. Oct. 21, 2015) (concluding violations of 18 U.S.C. § 2114(a) categorically qualified as crimes of violence under § 924(c)(3)(A), the use-of-physical-force clause); *accord United States v. McBride*, No. 15-3759, 2016 WL 3209496, at *2 (6th Cir. June 10, 2016) (finding that federal bank robbery, in violation of 18 U.S.C. § 2113(a), which can be committed "by force and violence, or by intimidation," falls within Section 4B1.2(a)'s use-of-physical-force clause); *United States v. Mitchell*, 743 F.3d 1054, 1058–60 (6th Cir. 2014) (finding that Tennessee robbery, which can be committed "by violence or putting the person in fear," categorically qualifies as a violent felony under the use-of-physical-force clause). In light of the foregoing, *Johnson* is inapposite and cannot operate as a basis for collateral relief.

## IV. CONCLUSION

For the reasons discussed, Petitioner's § 2255 motion [Doc. 272] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**